GENEVIEVE VAN VLIET, complainant-respondent,

*v.*

WARREN VAN VLIET, defendant-appellant.

[Argued October term, 1947.  Decided January 29th, 1948.]

*Mr. Richard J. Fitz Maurice,* for the complainant-respondent.

*Messrs. Levenson & Levenson (Mr. Abe D. Levenson,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

WACHENFELD, J.

On December 18th, 1945, a final decree was entered in the above-entitled cause in an action for separate maintenance and the appellant was directed to pay the sum of $20 a week for his wife's support.  Before the expiration of two years from the date of the separation the appellant filed a verified petition praying that the final decree be vacated because he attempted a reconciliation and requested her to resume cohabitation with him.  An order to show cause was issued and on return was dismissed.  From the order so made this appeal is taken.

The matrimonial difficulty was occasioned by the husband's affection for and association with another woman. It caused his wife to leave him, and the intimate situation is best projected by the letter which the husband wrote to the wife, admitted in evidence, as follows:

"Dear Genevieve: I. couldn't very well say this on the telephone, but I feel that you do know by now that I love Violet, love her enough to want to marry her. I would like very much for you and me to sign off so I can. I would like the matter to be handled without a defense, so as to not cause any publicity. You can get it or I will whichever you prefer. Believe we agreed either of us could sign off when we decided we had enough. Hope this doesn't sound too crude, but inasmuch as you already knew it, I guess it won't.

WARREN."

Again the situation is alluded to in the testimony taken:

"The Court: So that when you made the statement on the stand this morning that you want your wife to come back with you, that is in spite of the fact that you have continued to associate with this woman, isn't it?

"The witness: Yes, sir."

The facts are not disputed nor is the contention of the husband veiled or vague. He declares flatly that under the law of this State a husband, not having been proven guilty of a matrimonial offense, has the right at any time within the two-year period to terminate the separate maintenance decree granted his wife upon making overtures for a reconciliation and that it is wholly immaterial whether his request for her return is *bona fide* or otherwise.

All of our cases, however, hold to the contrary. The solicitation of the wife to return must be honest, sincere, and in good faith. *Howey* v. *Howey, 77 N. J. Eq. 591; Scotland* v. *Scotland, 96 N. J. Eq. 49; Strong* v. *Strong, 138 N. J. Eq. 302.* The husband's lack of affection for his wife is admitted; his love for the other woman and his desire to marry her are not denied; his association with her, which caused the breach, still continues.

Until he exhibits a change of heart and discontinues the conduct which was the basis for the matrimonial decree he is not entitled to the relief asked for. He cannot make a

*bona fide* overture for the return of his wife while he holds the hand of the woman who disturbed the marital status.

The order dismissing the appellant's application will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, JJ. 12.

*For reversal*—None.